UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION

IN RE:                          )
                                )
Antionio Vega Stanley,          )      Case No. 09-11720
                                )
        Debtor.                 )
                                )

MEMORANDUM OPINION

This case came before the court on February 23, 2010, for a final hearing on a Motion to Avoid Judicial Lien of Yates Mobile Services Corporation (the "Motion"), filed by the Debtor on November 5, 2009.  Yates Mobile Services Corporation ("Yates") filed an objection to the Motion on November 6, 2009.  The evidence regarding the Motion was received at a hearing on January 12, 2010.  Completion of the hearing was postponed to February 23, in order to give the parties an opportunity to file briefs.  At each hearing, the Debtor was represented by Phillip E. Bolton and Yates was represented by Darren W. Bentley.  At the conclusion of the hearing on February 23, 2009, the court granted the motion in part.  This opinion describes the basis for that decision.

JURISDICTION

The court has jurisdiction over the subject matter of this proceeding pursuant to 28 U.S.C. §§ 151, 157 and 1334, and the General Order of Reference entered by the United States District Court for the Middle District of North Carolina on August 15, 1984.  This is a core proceeding within the meaning of 28 U.S.C.

§ 157(b)(2)(K), which this court may hear and determine.

FACTS

Prior to the commencement of this case, the Debtor and Yates entered into a contract for the purchase of a modular home by the Debtor.  At the time of the purchase, the modular home was located on Yates' business premises in Virginia.  It is undisputed that the modular home was personal property at the time of purchase.  However, after being transported to North Carolina by truck, the modular home was affixed to real property located at 2258 Seamster Road, Providence, North Carolina.  The Seamster Road property is owned by the Debtor and Sandra Genevicz as tenants in common.  Genevicz is a debtor in a related case (Case No. 09-11993).

When the Debtor failed to pay the purchase price of the modular home, Yates sued the Debtor in the Circuit Court of Pittsylvania County, Virginia, and obtained a judgment against the Debtor on April 27, 2009, in the total amount of $146,000 plus interest.  On June 8, 2009, the judgment was filed in Caswell County, North Carolina, the county in which the Seamster Road property is located.

The Debtor filed his chapter 13 petition on September 11, 2009.  The Debtor's Schedule A listed the market value of the Seamster Road property at $22,000.  Schedule D listed BB&T as having a secured claim of $22,000 pursuant to its deed of trust.  In his Form 91C claim for property exemptions, the Debtor listed

the Seamster Road property as having no net value since the market value of the property did not exceed the secured indebtedness of BB&T.  The Debtor claimed the Seamster Road property as exempt property pursuant to his wildcard exemption under N.C. Gen. Stat. § 1C-1601(a)(2).[1]  The wildcard exemption claimed by the Debtor was $500 in value in a travel trailer and the Seamster Road property at a value of $0.[2]  No objections were filed to any of the exemptions claimed by the Debtor.

On September 30, 2009, Yates filed a proof of claim asserting a judicial lien against the Seamster Road property in the amount of $165,136.05, plus interest.  On November 5, 2009, the Debtor filed the Motion, seeking to avoid Yates' judicial lien under 11 U.S.C. § 522(f).  Yates objected to the Motion, asserting that the exemption claimed by the Debtor was not applicable to its claim pursuant to N.C. Gen. Stat. § 1C-1601(e)(5).[3]

---

[1]The Debtor claimed $18,000 of the $18,500 exemption amount allowed under section 1C-1601(a)(1).  Since the Debtor did not claim the full amount of his exemption under section 1C-1601(a)(1), he was entitled to claim a wildcard exemption under section 1C-1601(a)(2), with such exemption being limited to property with a value of $500 or less.

[2]Under section 1C-1601(b)(2), value "means fair market value of an individual's interest in property, less valid liens superior to the judgment lien sought to be enforced."

[3]Yates attempted to object to the wildcard exemption claimed by the Debtor, asserting that the Debtor was not entitled to claim such exemption.  Such an objection is subject to Bankruptcy Rule 4003(b) which requires that objections to a debtor's list of property claimed as exempt be filed "only within 30 days after the meeting of creditors held under § 341(a) is concluded or within 30

At the January 12 hearing, both parties offered evidence regarding the value of the Seamster Road property. All of the witnesses appraised the Seamster Road property as a unit consisting of the permanently affixed modular home and the land upon which it is located. Walter Thomas, a professional appraiser who was called as a witness by Yates, gave detailed and reliable testimony regarding the value of the property. Based on Mr. Thomas' testimony, the court finds that the value of the Seamster Road property on the petition date, including the modular home, was $65,000.

ANALYSIS

I.  Applicability/effect of exception
    in section 1C-1601(e)(5)

The first issue presented is whether the exception contained in N.C. Gen. Stat. § 1C-1601(e)(5) is applicable to the exemption claimed by the Debtor regarding the Seamster Road property and, if so, whether that would prevent the Debtor from avoiding the judicial lien under 11 U.S.C. § 522(f).

A.  N.C. Gen. Stat. § 1C-1601(e)(5) does not apply.

Section 1C-1601(e)(5) provides that "[t]he exemptions provided

---

days after any amendment to the list or supplemental schedules is filed, whichever is later." After the thirty-day period specified in Rule 4003(b) has expired, a party in interest may not contest the validity of the exemptions claimed by a debtor. See Taylor v. Freeland & Kronz, 503 U.S. 638, 112 S.Ct. 1644, 118 L.Ed.2d 280 (1992). No timely objection having been filed, Yates is not entitled to now object to or contest Debtor's exemption of the Seamster Road property.

in this Article are inapplicable to claims . . . [f]or payment of obligations contracted for the purchase of the specific real property affected." This provision narrows or restricts exemptions that otherwise would be available to debtors. As such, it should be construed narrowly. See In re Smith, 2009 WL 2246130, at *3 (Bankr. M.D.N.C. 2009)("Exemption statutes, being remedial in nature, should be construed liberally, and provisions that restrict a debtor's access to exemptions should be construed narrowly.") (citing Household Finance Corp. v. Ellis, 419 S.E.2d 592, 595 (N.C. Ct. App. 1992)).

In this case, the specific real property affected by the judicial lien held by Yates is the real property located at 2258 Seamster Road. That property was acquired by the Debtor long before the transaction involving Yates. In the Yates transaction, the indebtedness was incurred solely for the purchase of a modular home, which was personal property at the time. The indebtedness was not incurred to purchase the parcel of land located at 2258 Seamster Road. The fact that the modular home later was affixed to and became part of the parcel of land, does not alter the fact that the indebtedness to Yates was not incurred to purchase the land. The court concludes, therefore, that the indebtedness to Yates was not "contracted for the purchase of the specific real property affected" and that section 1C-1601(e)(5) therefore is not applicable in this case.

2.  Even if section 1C-1601(e)(5) did apply, it
    could not prevent the Debtor from utilizing
    11 U.S.C. § 522(f).

Section 522(f) provides that a debtor may avoid a judicial lien "to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section."  11 U.S.C. § 522(f)(1).  The phrase "'would have been entitled' . . . denotes a state of affairs that is conceived or hypothetical, rather than actual, and requires the reader to disregard some element of reality."  Owen v. Owen, 500 U.S. 305, 311. (1991).  "To determine the application of § 522(f) [bankruptcy courts must] ask not whether the lien impairs an exemption to which the debtor is in fact entitled, but whether it impairs an exemption to which he would have been entitled but for the lien itself."  Id. at 310-11.  Courts must employ the following formula: "ask first whether avoiding the lien would entitle the debtor to an exemption, and if it would, then avoid and recover the lien. . ." Id. at 312-13.[4]

But for Yates' judicial lien, the Debtor would be entitled to

---

[4] The Fourth Circuit applied Owen's holding in Wachovia Bank and Trust Co. v. Opperman (In re Opperman), 943 F.2d 441 (4th Cir. 1991).  Opperman held that "the provision of N.C. Gen. Stat. § 1C-1604(a) limiting the homestead exemption to the duration of the debtor's actual residence in that place must not be applied in preference to the avoidance power of section 522(f)."  Id. at 443. The Fourth Circuit stated that a judicial lien "may be avoided if it impairs the debtor's exemption, either an actual exemption under the state statute or the hypothetical federal exemption where the state has opted out of the federal scheme." Id.

claim an exemption under section 1C-1601(a)(2).  Therefore, even if the exception in section 1C-1601(e)(5) applied, the Debtor still would be able to invoke section 522(f) and avoid the judicial lien to the extent provided under section 522(f).

> II.  The Debtor can avoid the judicial lien only
>      to the extent that it impairs his exemption

Section 522(f) provides that a debtor may avoid the fixing of a judicial lien "to the extent that such lien impairs an exemption."  11 U.S.C. § 522(f)(1).  Only the portion of the lien that actually interferes with a debtor's exemption may be avoided under section 522(f).  <u>Wachovia Bank and Trust Co. v. Opperman (In re Opperman)</u>, 943 F.2d 441, 444 (4th Cir. 1991).

The methodology for determining the extent that a judicial lien impairs an exemption is provided in Section 522(f)(2)(A), which provides:

> a lien shall be considered to impair an exemption to the extent that the sum of—
>
> (I) the lien;
>
> (ii) all other liens on the property; and
>
> (iii) the amount of the exemption that the debtor could claim if there were no liens on the property;
>
> exceeds the value that the debtor's interest in the property would have in the absence of any liens.

11 U.S.C. § 522(f)(2)(A).

The application of the formula in this case is as follows:

- 7 -

```
$165,138.05 - "the lien"
+ 11,000.00 - the deed of trust on the property[5]
+      0.00 - amount of exemption available
 176,138.05
- 32,500.00 - value of the Debtor's one-half interest
$143,638.05 - extent of impairment
```

Therefore, the lien can be avoided only to the extent of $143,639.05, leaving Yates with a judicial lien of $21,500.

CONCLUSION

The Debtor's wildcard exemption of the Seamster Road property is not subject to the exception contained in N.C. Gen. Stat. § 1C-1601(e)(5).  Even if section 1C-1601(e)(5) did apply, the Debtor nonetheless would be entitled to avoid Yates' lien under the Supreme Court's holding in Owen.  However, the lien cannot be avoided in its entirety, and Yates is entitled to retain a judicial lien of $21,500.  A separate order so providing shall be entered contemporaneously herewith pursuant to Fed. R. Bankr. P. 9021.

This 15th day of March, 2010.

_William L. Stocks_
WILLIAM L. STOCKS
United States Bankruptcy Judge

---

[5]This figure represents one half of the total indebtedness listed for the deed of trust on the petition date.  A literal construction of section 522(f)(2)(A) in which the full amount of the deed of trust is included would result in a windfall to the Debtor that was not intended by Congress.  Thus, this court follows the line of cases that limit a debtor to using one half of the indebtedness on a deed of trust in making the section 522(f)(2)(A) calculation when the debtor has only a one-half interest in the property.  See In re Jeffries, 2002 WL 202108 (Bankr. M.D.N.C. 2002).

- 8 -

PARTIES IN INTEREST

Phillip E. Bolton, Esq.
P.O. Box 10247
Greensboro, NC 27404-0247

Antionio Vega Stanley
621 County Line Road
Reidsville, NC 27320

Sandra King Genevicz
621 County Line Road
Reidsville, NC 27320

Darren W. Bentley, Esq.
P.O. Box 8200
Danville, VA 24541

Anita Jo Troxler, Ch. 13 Trustee