UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION

In re: Stanley, Antionio Vega            Case No. 09-11720

    Debtor.                                 Chapter 13

<u>YATES MOBILE SERVICES CORPORATION'S MOTION TO ALTER OR AMEND
MEMORANDUM OPINION AND ORDER, PURSUANT TO BANKRUPTCY RULES 9023 and 9024,
AND MEMORANDUM IN SUPPORT THEREOF</u>

<u>MOTION TO ALTER OR AMEND</u>

Comes now Yates Mobile Services Corporation, doing business as Yates Home Sales ("Yates"), by its counsel, pursuant to Federal Rule of Bankruptcy Procedure ("FRBP") 9023 and 9024, and files this Motion ("Motion") to Alter or Amend the Court's Memorandum Opinion ("Opinion") and Order, entered March 15, 2010, and in support thereof states as follows:

    1.     The Court issued its Opinion and companion Order on March 15, 2010. The Order, in accordance with the Opinion, is based upon the Court's determination that the modular home was not real property when contracted for; as a result, the Court held that Debtor's exemption was not subject to the exception contained in N.C.G.S. § 1C-1601(e)(5). The Court also determined that Yates is not entitled to object to or contest Mr. Stanley's exemption of the real property located at 2258 Seamster Road, because Yates did not file an objection to Mr. Stanley's claimed exemption within the 30-day period specified in Rule 4003(b). Finally, the Court held that even if N.C.G.S. § 1C-1601(e)(5) did apply, Debtor would nonetheless be entitled to avoid Yates's lien under the Supreme Court's holding in <u>Owen v. Owen</u>, 500 U.S. 305, 311 (1991).

    2.     For the following reasons, Yates respectfully suggests that the ruling in the Opinion was based upon the following errors of law:

        a.     the modular home was real property when Mr. Stanley contracted for its purchase;

        b.     the Supreme Court's holding in <u>Owen</u> does not have application in the present case - the exception contained in N.C.G.S. § 1C-

1601(e)(5) would still except Mr. Stanley from exempting any value in the property regardless of Yates's judgment lien.

      c.    Rule 4003(d), as amended in 2008, specifically provides that Yates may object to and contest Mr. Stanley's claimed exemption in the specific real property at issue for purposes of the lien avoidance action, notwithstanding the provisions in Rule 4003(b).

    3.    Yates further suggests that the ruling in the Opinion was based upon the factual error that Yates had not filed a timely objection to Mr. Stanley's claimed exemptions (Opinion, p. 4, FN. 3). In fact, Yates timely filed its response to Debtor's motion to avoid lien and its objection to Debtor's claim of exemption in the specific real property at issue, on November 17, 2009, which was within 30 days after the conclusion of the meeting of creditors held under § 341(a).

WHEREFORE, Yates Mobile Services Corporation respectfully requests the Court reconsider and alter or amend its Memorandum Decision and Order and deny Mr. Stanley's Motion to Avoid Judicial Lien of Yates Mobile Services Corporation in its entirety, and provide such further relief as is just and equitable in this case.

Dated: April 9, 2010                           Respectfully Submitted

                                                  YATES MOBILE SERVICES CORPORATION

                                                  By Counsel

Counsel:

Darren W. Bentley (NCSB#33561)
CLEMENT & WHEATLEY
549 Main Street
P.O. Box 8200
Danville, VA 24541
(434) 793-8200
(434) 793-8436 facsimile

 /s/ Darren W. Bentley
Darren W. Bentley

2

## YATES MOBILE SERVICES CORPORATION'S MEMORANDUM IN SUPPORT OF MOTION TO ALTER OR AMEND MEMORANDUM OPINION AND ORDER

Yates, timely submits its Motion pursuant to Federal Rules of Bankruptcy Procedure 9023 and 9024 and Rules 59 and 60 of the Federal Rules of Civil Procedure. Its Motion seeks amendment of the Opinion and Order, entered March 15, 2010, in which the Court provides its reasons for granting, in part, Debtor's Motion to Avoid Judgment Lien of Yates Mobile Services Corporation. Yates respectfully suggests that such ruling was premised upon clear errors of law.

## ARGUMENT

A.  Applicable Standard.

Rule 59(e) of the Federal Rules of Civil Procedure, made applicable to this bankruptcy case by FRBP 9023, simply states that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of judgment." A Rule 59(e) motion should be granted in order "to correct a clear error of law or prevent manifest injustice." Hutchinson v. Stanton, 994 F.2d 1076, 1081 (4th Cir. 1993). The rule permits the court to correct its own errors, "sparing the parties and the appellate courts the burden of unnecessary appellate proceedings." Russell v. Delco Remy Div. Of Gen Motors Corp., 51 F.3d 746, 749 (7th Cir. 1995).

B.  Error of Law to Hold that Modular Home was Personal Property.

The Court indicates that it was undisputed that the modular home was personal property at the time of purchase (Opinion, p. 2). However, Yates is unaware that this point was ever conceded or agreed upon. To the contrary, Yates, respectfully asserts that its position throughout its pleadings and oral argument has remained that the modular home was real property at the time it was contracted for by Debtor. N.C.G.S. § 1C-1601(e)(5), which Yates argues excepts Mr. Stanley from claiming an exemption in the modular home and other real property located at 2258 Seamster Road under N.C.G.S. § 1C-1601(a),

3

states that "[t]he exemptions provided in this Article are *inapplicable* to claims . . . [f]or payment of obligations contracted for the purchase of the specific real property affected."  Yates has asserted that the modular home is part of the specific real property affected and that the Contract executed by Debtor makes it so.

The question of whether the Contract is for real or personal property has arisen previously, and it was determined that because the Contract was for the purchase of a modular home, rather than a manufactured home, it was a contract for real property.  Stanley v. Yates Mobile Services Corp, 2008 WL 276504 (W.D. Va. January 31, 2008).  In Stanley v. Yates, Mr. Stanley had sued Yates alleging, *inter alia*, that Yates had violated the Magnuson-Moss Warranty Act ("MMWA").  Yates moved to dismiss the suit arguing that the MMWA does not apply to a "modular home."  The court stated that the MMWA creates a federal cause of action *if* the property is a "consumer product[1]."  Id. at *2 (emphasis added).  The court went on to state that "every federal court that has interpreted 15 U.S.C. § 2301(1) has held that *modular homes are not personal property*, and are therefore not consumer products."  Id. at *2 (emphasis added)(citing Coppernoll v. Custom Housing Center, Inc., 488 F.Supp.2d 641, 647 (W.D. Mich. 2007) and Clark v. Jim Walter Homes, Inc., 719 F.Supp. 1037, 1044-45 (M.D. Ala. 1989)).  The Contract for Sale and Construction of Modular Home ("Contract"), dated October 3, 2005, between Debtor and Yates clearly states that it is for the sale of a modular home and that the modular home is not a consumer product (Contract, Plaintiff's Exhibit 1).  Mr. Stanley's arguments to the court that modular homes are goods under the UCC, was not considered persuasive.  The court pointed out that the statutorily defined

---

[1] Federal statute defines "consumer product" as "any tangible personal property which is distributed in commerce and which is normally used for personal, family, or household purposes (including any such property intended to be attached to or installed in any real property without regard to whether it is so attached or installed)."  15 U.S.C. § 2301(1).

4

term "good" differed in kind from the traditional property law term "personal property," and that Congress used terms with well established meanings in traditional property law, such as "personal property" and "real property." Id. at *2 (citing Clark, 719 F.Supp. at 1043). North Carolina State exemption law likewise uses these traditional property law terms of "real property" and "personal property." Therefore, the court's reasoning in Stanley v. Yates is directly applicable to the facts in this present case. For purposes of federal and state exemptions law the modular home was real property when Mr. Stanley executed the Contract.

In Stanley v. Yates, the court addressed another issue raised by Mr. Stanley, which is at odds with this Court's Opinion: whether the fact that the modular home was not purchased along with the land in one single transaction makes the modular home personal property. The court in Stanley v. Yates, held that even if the modular home was purchased separately from the land it should still be considered real property. Id. at *3 (holding that "[j]ust as site-built homes are constructed on realty from building materials separately identifiable at the time of sale but which are not considered consumer products, the "package" of modules that make up a modular home cannot be considered a consumer product, whether sold in a transaction with or without land." Id.

C.  Error of Fact and Law to Hold that Yates is not Entitled to Object to or Contest Mr. Stanley's Exemption, because no Objection to the Claimed Exemption was Filed Within the 30-day Period Specified in Rule 4003(b).

The Court determined that Yates is not entitled to object to or contest Mr. Stanley's exemption of the real property located at 2258 Seamster Road, because Yates did not file an objection to Mr. Stanley's claimed exemption within the 30-day period specified in Rule 4003(b) (Opinion, pp. 3-4, Note 3, citing to Rule 4003(b) and Taylor v. Freeland & Kronz, 503 U.S. 638 (1992). Bankruptcy Rule 4003(d) was amended in 2008

5

> to clarify that a creditor with a lien on property that the debtor
> is attempting to avoid on the grounds that the lien impairs an
> exemption may raise in defense to the lien avoidance action any
> objection to the debtor's claimed exemption.  The right to object
> is limited to an objection to the exemption of the property
> subject tot he lien and for purposes of the lien avoidance action
> only.  The creditor may not object to other exemption claims made
> by the debtor.  Those objections, if any, are governed by Rule
> 4003(b).  To add 4003(d), which states that "[n]otwithstanding the
> provisions of subdivision (b), a creditor may object to a motion
> filed under § 522(f) by challenging the validity of the exemption
> asserted to be impaired by the lien.

F.R.B.P. 4003(d), Advisory Committee Note--2008.  Pursuant to Rule 4003(d), which states in pertinent part, "[n]otwithstanding the provisions of subdivision (b), a creditor may object to a motion filed under § 522(f) by challenging the validity of the exemption asserted to be impaired by the lien." F.R.C.P. 4003(d).  This Rule change follows a number of cases that have concluded that Taylor did not take away a creditor's right to challenge the validity of an exemption claimed by a debtor when defending against debtor's § 522(f) lien avoidance motion.  See In re Morgan, 149 B.R. 147, 151 (9th Cir. BAP 1993); In re Maylin, 155 B.R. 605 (Bankr. D. Maine 1993); In re Fitzhenry, 1998 WL 1147929 (Bankr. E.D. Va. 1998).

In this case, Yates timely filed its objection to debtor's claim of exemption.  The meeting of creditors was concluded on October 19, 2009.  Mr. Stanley filed his motion to avoid Yates's lien on November 5, 2009 (docket item # 32), and Yates filed its response to Debtor's motion with its objections to Debtor's claimed exemptions on November 17, 2009 (docket item # 32, ¶¶ 7 - 9).  The deadline imposed by Rule 4003(b) did not run until on November 18, 2009.  Courts have considered a creditor's opposition to a debtor's motion to avoid lien as objections to exemptions, where the opposition was made prior to the deadline for objecting to exemptions.  In re Olsen, 322 B.R. 400 (Bankr. E.D. Wis. 2005); In re Zambre, 306 B.R. 428 (Bankr. D. Mass. 2004); In re Heretakis, 293 B.R. 82 (Bankr. D. Mass. 2003).

D.   Error of Law to Hold that Owen has Application to this Case.

6

This Court's Opinion states that, "[b]ut for Yates' judicial lien, the Debtor would be entitled to claim an exemption under section 1C-1601(a)(2) . . . . . even if the exception in section 1C-1605(e)(5) applied."  In support of this position the Court relies upon Owen v. Owen, 500 U.S. 305 (1991), wherein the Supreme Court held that in determining the application of § 522(f), courts should not ask whether the judicial lien impairs an exemption to which the debtor is in fact entitled, but whether it impairs an exemption to which he would have been entitled *but for the lien itself*.  Id. at 310-311 (emphasis added).  In Owens, the Court resolved the question by first stating how to apply the law to federal exemptions - "ask first whether avoiding the lien would entitle the debtor to an exemption, and if it would, then avoid and recover the lien...."  Id. at 312-313.  The Court went on to state that this same rule applies to state exemptions.  Id. at 313.  In affect, the Supreme Court concluded that the exempt status of property is determined by applying the law in effect on the date of the filing of the petition, not when the lien fixed.  In re Evans, 362, B.R. 275, 280 (Bankr. S.C. 2006).  In the case at bar, even if Yates did not have a judgment lien, the debtor would be excepted from claiming an exemption in the specific realty at issue, which is the land and modular home and other improvements located at 2258 Seamster Road.  This is so, not because of Yates's judgment lien, but because North Carolina law excepts debtor from claiming this particular type of exemption.  This exception exists regardless of Yates's judgment lien.

The exceptions contained in N.C.G.S. § 1C-1601(e) cannot be construed as waivers.  N.C.G.S. § 1C-1601(c) identifies North Carolina's waivers of exemptions.  It is well settled by Owen and within the 4th Circuit that "a state exemption which purports to be available "unless waived" will be given full effect, even if it has been waived, for purposes of § 522(f)-the first phrase of which, as we have noted, recites that it applies "[n]otwithstanding any waiver of exemptions."  Id. at 313 (citing Dominion Bank of Cumberlands,

7

NA v. Nuckolls, 780 F.2d 408, 412 (4th Cir. 1985). However, it is N.C.G.S. § 1C-1601(e), and not § 1C-1601(c), identifies the exceptions to North Carolina exemptions. Unlike waivers, it is well settled within North Carolina that these exceptions are given full force and effect in bankruptcy cases. For example, in In re Goard, 26 B.R. 316, 317 (Bankr. M.D.N.C. 1982), this Court heard a case involving a debtor who sought to exempt Schewel Furniture Company, Inc.'s purchase money security interest in debtor's furniture pursuant to § 522 and N.C.G.S. § 1C-1601(a). In Goard, this Court determined that pursuant to N.C.G.S. § 1C-1601(e) property subject to a purchase money security interest is not available for exemption by a debtor under § 522. Id. at 317; see also In re Morgan, 2999 WL 1194144 (Bankr. E.D.N.C. June 20, 2000)(holding that North Carolina's exemptions statute has no application to tax liens, in part because N.C.G.S. § 1C-1601(e)(1) provides that "[t]he exemptions provided ... are inapplicable to claims ... [o]f the United States or its agencies as provided by federal law."), In re Beasley, 23 B.R. 404 (Bankr. E.D.N.C. 1982)(holding that exemptions provided under N.C.G.S. 1C-1601(a) are inapplicable to claims excepted under N.C.G.S. § 1C-1601(e)).

CONCLUSION

For the foregoing reasons, Yates respectfully requests that the Court reconsider its Opinion and Order and alter or amend them to give full force and effect to N.C.G.S. § 1C-1601(e), as this Court and other bankruptcy courts within North Carolina have done in the past. Doing so in no way encroaches upon the boundaries established by the Supreme Court's decision in Owen.

Dated: April 9, 2010                    Respectfully Submitted

                                        YATES MOBILE SERVICES
                                        CORPORATION

                                        By Counsel

8

Counsel:

Darren W. Bentley (NCSB#33561)
CLEMENT & WHEATLEY
549 Main Street
P.O. Box 8200
Danville, VA 24541
(434) 793-8200
(434) 793-8436 facsimile

 /s/ Darren W. Bentley
Darren W. Bentley

CERTIFICATE OF SERVICE

I hereby certify that on the 9th day of March, 2010, the foregoing motion to alter or amend and supporting brief were filed electronically with the U.S. Bankruptcy Court and were served on the following parties, electronically on those parties who are CM/ECF participants, and by U.S. Postal Service on those parties who are non-CM/ECF participants:

Phillip E. Bolton
Suite 406
604 Green Valley Rd.
P. O. Box 10247
Greensboro, NC 27404-0247

Antionio Vega Stanley
621 County Line Road
Reidsville, NC 27320

Anita Jo Kinlaw Troxler
Greensboro Chapter 13 Office
500 W. Friendly Ave.
P. O. Box 1720
Greensboro, NC 27402-1720

 /s/ Darren W. Bentley
Darren W. Bentley

9