UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| Antonio Vega Stanley, | ) | Case No. 09-11720 |
| | ) | |
| Debtor. | ) | |
| | ) | |

## AMENDED MEMORANDUM OPINION

This case came before the court on February 23, 2010, for a final hearing on a Motion to Avoid Judicial Lien of Yates Mobile Services Corporation (the "Motion"), filed by the Debtor on November 5, 2009. Yates Mobile Services Corporation ("Yates") filed an objection to the Motion on November 6, 2009. The evidence regarding the Motion was received at a hearing on January 12, 2010. Completion of the hearing was postponed to February 23, in order to give the parties an opportunity to file briefs. At each hearing, the Debtor was represented by Phillip E. Bolton and Yates was represented by Darren W. Bentley. At the conclusion of the hearing on February 23, 2009, the court granted the motion in part. This opinion describes the basis for that decision.

## JURISDICTION

The court has jurisdiction over the subject matter of this proceeding pursuant to 28 U.S.C. §§ 151, 157 and 1334, and the General Order of Reference entered by the United States District Court for the Middle District of North Carolina on August 15, 1984. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(K), which this court may hear and determine.

FACTS

Prior to the commencement of this case, the Debtor and Yates entered into a contract for the purchase of a modular home by the Debtor. At the time of the purchase, the modular home was located on Yates' business premises in Virginia. After being transported to North Carolina by truck, the modular home was affixed to real property located at 2258 Seamster Road, Providence, North Carolina. The Seamster Road property is owned by the Debtor and Sandra Genevicz as tenants in common. Genevicz is a debtor in a related case (Case No. 09-11993).

When the Debtor failed to pay the purchase price of the modular home, Yates sued the Debtor in the Circuit Court of Pittsylvania County, Virginia, and obtained a judgment against the Debtor on April 27, 2009, in the total amount of $146,000 plus interest. On June 8, 2009, the judgment was filed in Caswell County, North Carolina, the county in which the Seamster Road property is located.

The Debtor filed his chapter 13 petition on September 11, 2009. The Debtor's Schedule A listed the market value of the Seamster Road property at $22,000. Schedule D listed BB&T as having a secured claim of $22,000 pursuant to its deed of trust. At the hearing on February 23, the court found that the value of the Seamster Road property was $65,000. The Debtor then amended his Form 91C claim for property exemptions to list his half

- 2 -

interest in the property at $32,500 and claimed a $500 exemption with respect to the Seamster Road property pursuant to his wildcard exemption under N.C. Gen. Stat. § 1C-1601(a)(2).[1]

On September 30, 2009, Yates filed a proof of claim asserting a judicial lien against Debtor's interest in the Seamster Road property in the amount of $165,136.05, plus interest. On November 5, 2009, the Debtor filed the Motion, seeking to avoid Yates' judicial lien under section 522(f) of the Bankruptcy Code. Yates objected to the Motion, asserting that the exemption claimed by the Debtor was precluded by the exception contained in N.C. Gen. Stat. § 1C-1601(e)(5).

At the January 12 hearing, both parties offered evidence regarding the value of the Seamster Road property. All of the witnesses appraised the Seamster Road property as a unit consisting of the permanently affixed modular home and the land upon which it is located. Walter Thomas, a professional appraiser who was called as a witness by Yates, gave detailed and reliable testimony regarding the value of the property. Based on Mr. Thomas' testimony, the court finds that the value of the Seamster Road property on the petition date, including the modular home, was

---

[1]The Debtor claimed $18,000 of the $18,500 homestead exemption amount then allowed under section 1C-1601(a)(1). Since the Debtor did not claim the full amount of his exemption under section 1C-1601(a)(1), he was entitled to claim a wildcard exemption under section 1C-1601(a)(2), with such exemption being limited to property with a value of $500 or less.

$65,000.

## ANALYSIS

I.  Applicability/effect of exception
    in N.C. Gen. Stat. § 1C-1601(e)(5)

The court will first consider whether the exception contained in N.C. Gen. Stat. § 1C-1601(e)(5) is applicable to the exemption claimed by the Debtor regarding the Seamster Road property and, if so, whether that would prevent the Debtor from avoiding the judicial lien under 11 U.S.C. § 522(f).

A.  N.C. Gen. Stat. § 1C-1601(e)(5) does not apply.

Section 1C-1601(e)(5) provides that "[t]he exemptions provided in this Article are inapplicable to claims . . . [f]or payment of obligations contracted for the purchase of the specific real property affected." This provision narrows or restricts exemptions that otherwise would be available to debtors. As such, it should be construed narrowly. See Household Finance Corp. v. Ellis, 419 S.E.2d 592, 595 (N.C. Ct. App. 1992).

In this case, the specific real property affected by the judicial lien held by Yates is the real property located at 2258 Seamster Road. In the Yates transaction, the indebtedness was incurred solely for the purchase of the modular home. The Yates indebtedness was not incurred to purchase the parcel of land located at 2258 Seamster Road which was acquired long before the purchase of the modular home. The fact that the modular home later was affixed to and became part of the parcel of land, does not

- 4 -

alter the fact that the indebtedness to Yates was not incurred to purchase the land to which the modular home was affixed. Based upon the outcome of earlier litigation[2] between Yates and the Debtor, Yates argues that the modular home must be regarded as real property from the time of purchase. Even if accepted, this argument does not alter the fact that the modular home became a part of real property that was purchased in a transaction not involving Yates or any financing from Yates. The court concludes, therefore, that the indebtedness to Yates was not "contracted for the purchase of the specific real property affected" and that section 1C-1601(e)(5) is not applicable in this case.

2. Even if section 1C-1601(e)(5) did apply, it could not prevent the Debtor from utilizing 11 U.S.C. § 522(f).

Section 522(f) provides that a debtor may avoid a judicial lien "to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section." 11 U.S.C. § 522(f)(1). The phrase "'would have been entitled' . . . denotes a state of affairs that is conceived or hypothetical, rather than actual, and requires the reader to disregard some element of reality." Owen v. Owen, 500 U.S. 305, 311. (1991). "To determine the application of § 522(f) [bankruptcy courts must] ask not whether the lien impairs an exemption to which

---

[2]Stanley v. Yates Mobile Service Corp., No. 4:07CV00047, 2008 WL 276504 (W.D.Va. Jan. 31, 2008).

the debtor is in fact entitled, but whether it impairs an exemption to which he would have been entitled but for the lien itself." Id. at 310-11.  Courts must employ the following formula: "ask first whether avoiding the lien would entitle the debtor to an exemption, and if it would, then avoid and recover the lien. . ." Id. at 312-13.

In this case, the Debtor meets all of the requirements for a $500 wild card exemption pursuant to N.C. Gen. Stat. § 1C-1601(a)(2) and he would be entitled to such an exemption but for Yates' judicial lien.  Avoiding the judicial lien would entitle the Debtor to the exemption.  Thus, pursuant to Owen, the exception contained in N.C. Gen. Stat. § 1C-1601(e)(5) is preempted and avoidance is available as provided in section 522(f) of the Bankruptcy Code.  See In re Maddox, 15 F.3d 1347, 1350-51 (5th Cir. 1994); Wachovia Bank and Trust Co. v. Opperman (In re Opperman), 943 F.2d 441 (4th Cir. 1991); Willis v. Strother (In re Strother), 328 B.R. 818, 821-23 (10th Cir. BAP 2005).  It follows that the Debtor is entitled to avoid Yates' judicial lien to the extent permitted under section 522(f) of the Bankruptcy Code.  Therefore, even if this case fell within the exception contained in section 1C-1601(e)(5), the Debtor still would be able to invoke section 522(f) and avoid the judicial lien to the extent provided under section 522(f).

II.   The Debtor can avoid the judicial lien only
      to the extent that it impairs his exemption

Section 522(f) provides that a debtor may avoid the fixing of a judicial lien "to the extent that such lien impairs an exemption." 11 U.S.C. § 522(f)(1). Only the portion of the lien that actually interferes with a debtor's exemption may be avoided under section 522(f). <u>Wachovia Bank and Trust Co. v. Opperman (In re Opperman)</u>, 943 F.2d at 444.

The methodology for determining the extent that a judicial lien impairs an exemption is provided in Section 522(f)(2)(A), which provides:

> a lien shall be considered to impair an exemption to the extent that the sum of—
>
> > (i) the lien;
> >
> > (ii) all other liens on the property; and
> >
> > (iii) the amount of the exemption that the debtor could claim if there were no liens on the property;
>
> exceeds the value that the debtor's interest in the property would have in the absence of any liens.

11 U.S.C. § 522(f)(2)(A).

The application of the formula in this case is as follows:

- 7 -

```
$165,138.05 - "the lien"
+ 11,000.00 - the deed of trust on the property³
+    500.00 - amount of exemption available
 176,638.05
- 32,500.00 - value of the Debtor's one-half interest
$144,138.05 - extent of impairment
```

Therefore, the lien can be avoided only to the extent of $144,139.05, leaving Yates with a judicial lien of $21,000.

## CONCLUSION

The Debtor's wildcard exemption of the Seamster Road property is not subject to the exception contained in N.C. Gen. Stat. § 1C-1601(e)(5).  Even if section 1C-1601(e)(5) did apply, the Debtor nonetheless would be entitled to avoid Yates' lien under the Supreme Court's holding in Owen.  However, the lien cannot be avoided in its entirety, and Yates is entitled to retain a judicial lien of $21,000.  A separate order so providing shall be entered contemporaneously herewith pursuant to Fed. R. Bankr. P. 9021.

This **20ᵗʰ** day of May, 2010.

_____
WILLIAM L. STOCKS
United States Bankruptcy Judge

_____

³This figure represents one half of the total indebtedness listed for the deed of trust.  A literal construction of section 522(f)(2)(A) in which the full amount of the deed of trust is included would result in a windfall to the Debtor that was not intended by Congress.  Thus, this court follows the line of cases that limit a debtor to using one half of the indebtedness on a deed of trust in making the section 522(f)(2)(A) calculation when the debtor has only a one-half interest in the property.  See In re Jeffries, 2002 WL 202108 (Bankr. M.D.N.C. 2002).

- 8 -

PARTIES IN INTEREST

Phillip E. Bolton, Esq.
P.O. Box 10247
Greensboro, NC 27404-0247

Antionio Vega Stanley
621 County Line Road
Reidsville, NC 27320

Sandra King Genevicz
621 County Line Road
Reidsville, NC 27320

Darren W. Bentley, Esq.
P.O. Box 8200
Danville, VA 24541

Anita Jo Troxler, Ch. 13 Trustee